Nash, J.
 

 Every objection to the plaintiff’s recovery, raised in this case, is answered by the Court in the
 
 State
 
 v.
 
 McAlpin,
 
 4 Ire. 148. It is there ruled, that, although a bond, executed by a public officer to the State for the discharge of public duties, is not taken in the manner or by the persons appointed by the law to take it, yet it will be good as a voluntary bond and bind the sureties. That was an action upon a sheriff’s bond, which was not taken according to the provisions of the Statute. The objections here are, that the appointment of the Chairman by the Board of Superintendants was irregular, be
 
 *335
 
 cause it was made on Friday the 9th of October ; whereas, by the act of 1844, it is required to be made on the first Tuesday of October; and, for the reason, that the County Court of Pasquotank had not required the Chairman of the Board to give any bond in any sum whatever. Admit, that, for these reasons, taken separately or conjointly, the bond given by the Chairman was not in accordance with the requirements of the act, and, therefore, is irregular; and that the appointment was irregu* lar. Still, the intestate, Perkins, accepted the appointment and acted under it, and the other defendants enabled him to do so by becoming his sureties for the faithful discharge of his duties. The act never intended, that the funds should pass into the hands of the Board without some security for its due and proper disbursement. With
 
 this
 
 view the bond before us was taken. If the act had been entirely silent as to the taking of any bond, still the one before us would be good as a common law bond. To suffer this defence to prevail on either ground taken, would be encouraging a fraud upon the State. The intestate, Perkins, acting under an authority duly authorised to make the appointment, is
 
 de facto
 
 Chairman of the Board, a public officer, and as such gives a bond to the State, “that he will well and truly execute the office of Chairman of the Board of Common Schools, and faith» fully discharge the trust reposed in him,” &c. One of the duties of his office or as a member of the Board, is to receive the money belonging to the Board, and to disburse it according to law. This is public money, money belonging to the State, and by her appropriated in the County of Pasquotank to a purpose the most beneficial to its citizens, the diffusion of education through all conditions of the people. “We do not, then,” (in the language of the Court in
 
 McAlpin’s
 
 case,) “look back beyond the .bond itself to see, whether the Chairman rightfully undertook the duties of the office.” Although the bond may-
 
 *336
 
 not have been given in the way directed, the State must be willing to take it as given, rather than have no security. The bond is a public bond given to the State for her use, and was duly accepted by the Board of Superinten* dants; and the assent of the sovereign must be inferred until the contrary is shown, and the sureties are bound.
 

 We concur in the opinion given below.
 

 Per Curiam.
 

 Judgment affirmed.